UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO. 4:19-CV-78-JHM

PHILLIP EARL EDMONDSON
14878 U.S. Hwy. 60 West
Post Office Box 76
Sturgis, KY 42459                                                                       PLAINTIFF

vs.                                      COMPLAINT

ANTHONY BELL, individually and in
his official capacity as Deputy
Jailer of the Union County Jail,
(Address presently unknown)

and

KIM WOLFE, individually and in
her official capacity as Deputy
Jailer of the Union County Jail,
4701 St. Rt. 758
Morganfield, KY 42437

and

SAMUEL EVANS, individually and in
his official capacity as Deputy
Jailer of the Union County Jail,
1432 Stanley Avenue
Morganfield, KY 42437

and

TRACI MCKENDREE, individually and in
her official capacity as Deputy
Jailer of the Union County Jail,
1233 Brandon William Way
Morganfield, KY 42437

and

C. BEACH, individually and in
his official capacity as Deputy
Jailer of the Union County Jail,
(Address presently unknown)

and

MARIANNE BUCKMAN, individually and in
her official capacity as Deputy
Jailer of the Union County Jail,
(Address presently unknown)

and

JEREMY SHAWN ELDER, individually and in
his official capacity as Jailer,
Union County Jail,
1046 St. Rt. 666
Morganfield, KY 42437

and

UNION COUNTY, KENTUCKY,
Union County Courthouse
121 South Morgan Street
Morganfield, Kentucky, 42437
Serve: Adam O'Nan, Judge Executive,                              DEFENDANTS

COMES the Plaintiff, Phillip Edmondson, and for his cause of action herein states as follows:

PARTIES

1. Plaintiff, Phillip Edmondson, is a citizen and resident of Sullivan, Union County, Kentucky, and the United States of America, residing at 14878 U.S. Highway 60 West, Box 76, Sturgis, Kentucky 42459.

2. Defendant Anthony Bell, at all times mentioned herein, was a duly appointed Deputy Jailer employed by Defendant Union County at the Union County Jail at 120 South Court Street, Morganfield, Kentucky, 42437. His address is presently unknown. At all times relevant hereto the said Anthony Bell was acting in his capacity as Deputy Jailer and as an employee of Union County and was performing ministerial acts within the scope of his duties and responsibilities as

a Deputy Jailer. The acts of Defendant Anthony Bell complained of herein were done by him, individually, and also by virtue, and under his authority as a Deputy Jailer for Defendant Union County, Kentucky, and under the color and pretense of the statutes, ordinances, regulations, customs, and usages established by law and by Defendant Union County.

3. Defendant Kim Wolfe, at all times mentioned herein, was a duly appointed Deputy Jailer employed by Defendant Union County at the Union County Jail at 120 South Court Street, Morganfield, Kentucky, 42437. She resides at 4701 State Route 758, Morganfield, Kentucky, 42437. At all times relevant hereto the said Kim Wolfe was acting in her capacity as Deputy Jailer and as an employee of Union County and was performing ministerial acts within the scope of her duties and responsibilities as a Deputy Jailer. The acts of Defendant Kim Wolfe complained of herein were done by her, individually, and also by virtue, and under her authority as a Deputy Jailer for the Defendant Union County, Kentucky, and under the color and pretense of the statutes, ordinances, regulations, customs, and usages established by law and by Defendant Union County.

4. Defendant Samuel Evans, at all times mentioned herein, was a duly appointed Deputy Jailer employed by Defendant Union County at the Union County Jail at 120 South Court Street, Morganfield, Kentucky, 42437. He resides at 1432 Stanley Avenue, Morganfield, Kentucky, 42437. At all times relevant hereto the said Samuel Evans was acting in his capacity as Deputy Jailer and as an employee of Union County and was performing ministerial acts within the scope of his duties and responsibilities as a Deputy Jailer. The acts of Defendant Samuel Evans complained of herein were done by him, individually, and also by virtue, and under his authority as a Deputy Jailer for the Defendant, Union County, Kentucky, and under the color and pretense

of the statutes, ordinances, regulations, customs, and usages established by law and by Defendant Union County.

5. Defendant Traci McKendree, at all times mentioned herein, was a duly appointed Deputy Jailer employed by Defendant Union County at the Union County Jail at 120 South Court Street, Morganfield, Kentucky, 42437. She resides at 1233 Brandon William Way, Morganfield, Kentucky 42437. At all times relevant hereto the said Traci McKendree was acting in her capacity as Deputy Jailer and as an employee of Union County and was performing ministerial acts within the scope of her duties and responsibilities as a Deputy Jailer. The acts of Defendant Traci McKendree complained of herein were done by her, individually, and also by virtue, and under her authority as a Deputy Jailer for the Defendant, Union County, Kentucky, and under the color and pretense of the statutes, ordinances, regulations, customs, and usages established by law and by Defendant, Union County.

6. Defendant C. Beach, at all times mentioned herein, was a duly appointed Deputy Jailer employed by Defendant Union County at the Union County Jail at 120 South Court Street, Morganfield, Kentucky, 42437. His address is presently unknown. At all times relevant hereto the said C. Beach was acting in his capacity as Deputy Jailer and as an employee of Union County and was performing ministerial acts within the scope of his duties and responsibilities as a Deputy Jailer. The acts of Defendant C. Beach complained of herein were done by him, individually, and also by virtue, and under his authority as a Deputy Jailer for Defendant Union County, Kentucky, and under the color and pretense of the statutes, ordinances, regulations, customs, and usages established by law and by Defendant Union County.

7. Defendant Marianne Buckman, at all times mentioned herein, was a duly appointed

Deputy Jailer employed by Defendant Union County at the Union County Jail at 120 South Court Street, Morganfield, Kentucky, 42437. Her address is presently unknown. At all times relevant hereto the said Marianne Buckman was acting in her capacity as Deputy Jailer and as an employee of Union County and was performing ministerial acts within the scope of her duties and responsibilities as a Deputy Jailer. The acts of Defendant Marianne Buckman complained of herein, were done by her, individually, and also by virtue, and under her authority as a Deputy Jailer for Defendant Union County, Kentucky, and under the color and pretense of the statutes, ordinances, regulations, customs, and usages established by law and by Defendant, Union County.

8. Defendant Jeremy Shawn Elder, at all times mentioned herein, was the duly elected Jailer of Union County. He resides at 1045 State Route 666, Morganfield, Kentucky, 42437. At all times relevant hereto the said Jeremy Shawn Elder was acting in his capacity as Jailer and was performing ministerial acts within the scope of his duties and responsibilities as Jailer. The acts and omissions of Defendant Jeremy Shawn Elder, complained of herein, were done by him, individually, and also by virtue, and under his authority as Jailer for the Defendant, Union County, Kentucky, and under the color and pretense of the statutes, ordinances, regulations, customs, and usages established by law and by Defendant Union County.

9. Defendant Union County, Kentucky is a political sub-division of the Commonwealth of Kentucky organized and existing under the laws of the Commonwealth and has a responsibility for the incarceration of prisoners lodged in the Union County Jail, or sentenced or held by the Order of the Courts in said County pursuant to the mandates of Kentucky Revised Statutes, Section 441.025. The County has charge to supervise and control its jail and has the duty to render medical aid to inmates housed therein and to ensure that inmates with injuries receive

proper medical treatment. At all times relevant to this cause of action the Defendants described herein acted under the color of the law, statute, organization, regulation, custom, practice and usage for Union County and their negligent and intentional acts deprived the Plaintiff of his rights secured to him under the United States Constitution to be free from cruel and unusual punishment in violation of the Eighth Amendment without due process of law.

## JURISDICTION

1. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and under the laws of the United States of America, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983, 1988, and 12131, and under the laws of the Commonwealth of Kentucky, particularly KRS 411.184, 411.186 and KRS 441 et. seq.

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. The Plaintiff also invokes the pendent or supplemental jurisdiction of this Court to hear and decide claims arising under state law.

## COUNT I

## FACTUAL BASIS OF COMPLAINT

1. On March 15, 2018, Plaintiff Phillip Edmondson was incarcerated at the Union County Jail, located at 120 South Court Street, Morganfield, Kentucky, 42437, where Defendant, Anthony Bell approximately two weeks prior to his July 12, 2018 fall, informed Plaintiff that he must sleep on the available top bunk despite the lack of a guard rail and the Plaintiff's age, previous health conditions and concerns which the Plaintiff had related to him.

2. On July 12, 2018, Plaintiff fell from the top bunk and was knocked unconscious. Plaintiff fell six feet and struck his head on a metal door and the concrete floor causing lacerations to his head and a severe concussion.

3. Plaintiff was transported to the Union County Hospital, where a cat scan was administered, and the treating physician recommended that he be kept overnight for observation. Despite this recommendation, the physician was told by Union County guard Luke McCallister that the Plaintiff would not be allowed to stay. He informed the physician that the Plaintiff would be placed in Med Watch for 24 hours at the Union County Jail. The physician then requested the Plaintiff be observed for at least 48 hours. The Plaintiff was then transported back to the Union County Jail but was placed back into his original cell due to the fact that the Med Watch cell was already occupied. The Plaintiff was then placed on the floor to sleep. He was informed by Union County Jail guard Marrianne Buckman that if he wanted a bottom bunk he would have to "buy it" from another inmate. That evening the Plaintiff requested additional medical assistance from Union County Jail Lieutenant C. Beach due to excruciating pain but none was provided.

4. On July 14, 2018, Plaintiff again requested medical attention due to severe pain and blood in urine. The medical attention was denied by Defendant guard Anthony Bell. The Plaintiff then contacted attorney David Helms who called the Union County Jail and spoke with Defendant Lieutenant Sam Evans. Helms later told the Plaintiff there was a verbal confrontation between him and Evans when Helms asked him if his guards were medically trained to deal with a closed head injury, Evans then hung up on Helms and subsequently verbally ordered Bell to "Get his (Edmondson's) fat ass up and throw him (Edmondson) in the hole." Bell then grabbed Plaintiff by the arm and tried to drag the Plaintiff up off the floor but then dropped him. He then

told Plaintiff to remove his glasses and proceeded to pull his pepper spray from its holster. The Plaintiff questioned why the guard would pepper spray a 62 year old man with a head injury for asking for medical attention. At that point Lt. Evans entered and began to drag the Plaintiff across the jail floor. Evans then said "Fuck this" and stated he'd call the "Boss" and let him handle this. No medical attention was ever provided as Evans never returned.

5. On July 15, 2018, Plaintiff contacted attorney Randall Teague asking him to contact the jail to request medical attention for the Plaintiff. The Plaintiff was then informed by Defendant Major Kim Wolfe that he was not to contact his attorney when he did not get his way. Plaintiff was then placed into "the hole" for 16 hours and was not administered required blood pressure medications despite Plaintiff's requests.

6. On July 28, 2018, Plaintiff was shoved by another inmate during an altercation and tripped over his own mat on the floor striking his head on a metal table and again being knocked unconscious. Plaintiff was subsequently awakened by guard Lucas Holeman and placed into the "hole" by Defendant Lt. Traci McKendree for fighting. Plaintiff requested medical attention and was told by McKendree that he would not be allowed to go to the hospital. The next morning McKendree placed Plaintiff in the "drunk tank" as punishment where he remained for 2 ½ months.

7. On August 28, 2018, Plaintiff was diagnosed with Post Concussion Migraine Syndrome, and prescribed Depakote by neurologist, Dr. Michael S. Mayron. After said medication caused undesired side effects, Plaintiff was not allowed to revisit said neurologist.

8. Sometime between October 2 and the middle of December 2018, Plaintiff was struck in the head by another inmate in an unprovoked attack and again was knocked unconscious.

Plaintiff awoke to find Defendant Traci McKendree screaming at him to get up and go to "the hole." Plaintiff was told by Lt. McKendree not to fall asleep because he probably had a concussion. Lt. McKendree then informed Plaintiff that he was not going to be taken to the hospital. Plaintiff remained in the "hole" until a recording of the incident was viewed and was denied access to phone his attorneys or to otherwise seek medical assistance.

9. Only after Plaintiff was released from the Union County Jail on February 26, 2019, was he able to obtain follow-up medical treatment for the above injuries. (The Plaintiff was not held as a prisoner or pre-trial detainee at the time of the filing of this Complaint and thus is not required to exhaust all state remedies under the Prisoner Litigation Reform Act prior to his initiation of this action.)

10. On March 19, 2019, Plaintiff again became unconscious and was treated for the pre-existing head injuries, and subsequently diagnosed with acute nonintraceable headaches related to said concussions.

11. The allegations of the Plaintiff set out in paragraphs 1 through 9 hereinabove demonstrate that the Defendants knew that the Plaintiff faced a substantial risk of serious harm but disregarded that risk by failing to take reasonable measures to abate it. In addition, said Defendants acted with a deliberate indifference to the medical attention required of Plaintiff and such indifference was a direct and proximate cause or a substantial factor in causing the Plaintiff's injuries complained of herein. Defendants owed the Plaintiff a duty to protect him from imminent danger of which said Defendant and his employees were aware and their failure to do so violated the Plaintiff's rights under the Eighth and Fourteenth Amendments and the other statutes previously cited herein.

12. The conduct of Defendants against Plaintiff, Phillip Edmondson, as set out hereinabove,

also constitute reckless, wanton, outrageous, and intentional conduct on their part entitling the Plaintiff to an award of punitive damages from said Defendants.

13. The actions and omissions of the Defendants were done with actual malice toward the Plaintiff and with willful, wanton and deliberate disregard for the constitutional and civil rights of Plaintiff entitling Plaintiff to attorney fees pursuant to 42 U.S.C. 1988.

## COUNT II

1. The Plaintiff realleges all of the allegations contained in Count I hereinabove as though repeated in their entirety in this Count.

2. Defendant Jeremy Shawn Elder, individually and in his official capacity as the duly elected Jailer of Union County, has the duty to exercise reasonable care to insure that harm does not come to prisoners entrusted into his care and has the custody, rule, and charge of the Jail and all persons in it pursuant to KRS 71.020.

3. Defendant Union County is a governmental entity duly authorized and constituted by Kentucky law. Pursuant to Kentucky Revised Statutes, Section 441.025, and other provisions of Chapter 441 of the Kentucky Revised Statutes, Union County has the responsibility of providing for the incarceration and maintenance of prisoners, including Plaintiff Phillip Edmondson. The Defendant County had the duty to oversee that its employees were properly trained to identify inmate injuries and to respond appropriately and to train its employees to report inmate abuse and neglect.

4. Defendant Union County Jailer Jeremy Shawn Elder and Defendant Union County failed to adequately supervise, control, and train their employee Defendants and that such failure constitutes a policy, practice or custom of deliberate indifference which was a direct and proximate cause or substantial factor causing the injuries complained of herein.

WHEREFORE, Plaintiff, Phillip Edmondson, demands the following relief:

1. Judgment against all Defendants, jointly and severally, in damages for pain and suffering, both mental and physical, humiliation and embarrassment, lost wages, and permanent impairment of his ability to earn monies, and the violation of his Constitutional rights in the amount of Three Million Dollars ($3,000,000.00).

2. Judgment against the Defendants individually and jointly in the sum of $500,000.00 as punitive damages to deter the unlawful conduct complained of herein;

3. Judgment against all the Defendants, jointly and severally, for past medical expenses incurred by the Plaintiff and for those medical expenses which may be reasonably expected to be incurred by him in the future;

4. Costs incurred by the Plaintiff in this action;

5. Attorney's fees as provided for in 42 USC Section 1988;

6. A trial by jury on all issues so triable; and

7. Any and all further relief to which the Plaintiff may appear entitled.

This 8th day of July, 2019.

/s/ Randall C. Teague
Randall C. Teague
FRYMIRE, EVANS, PEYTON, TEAGUE &
CARTWRIGHT, PLLC
1 S. Main Street
P. O. Box 695
Madisonville, Kentucky 42431

## **VERIFICATION**

I, Phillip Earl Edmondson, do hereby state that the information contained in this Complaint is true and correct to the best of my knowledge and belief.

_____
Phillip Earl Edmondson

STATE OF KENTUCKY)
                 ) SCT.
COUNTY OF HOPKINS)

The foregoing Complaint was executed, acknowledged, and sworn to before me by Phillip Earl Edmondson, a person known to me or presenting sufficient evidence of his identification, on this the 8th day of July, 2019.

_____
Notary Public, State at Large, KY
My Commission Expires: 1/19/22, 592070